UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS VICTOR MESTANZA CERCADO, ET AL.,<br><br>Defendants. | Case No. EDCR 25-198-KK<br><br>**CRIMINAL MOTION AND TRIAL ORDER**<br><br>Pretrial Conference: 7/24/2025 at 1:30 p.m.<br><br>Trial: 8/11/2025 at 8:30 a.m. |

This case is set for trial before the Honorable Kenly Kiya Kato, 3470 12th Street, 3rd Floor, Courtroom 3, Riverside, CA 92501. The Courtroom Deputy Clerk for Judge Kato's chambers is Noe Ponce. All documents referenced in this Order shall be emailed to Mr. Ponce at KK_Chambers@cacd.uscourts.gov.

**I.      MOTIONS**

Judge Kato hears motions in criminal cases on Thursdays at 1:30 p.m. All pretrial motions, including motions to suppress evidence, motions to bifurcate or sever, motions challenging introduction of Federal Rule of Evidence 404(b) evidence, and motions in limine, shall be filed and served on all other counsel in accordance with the requirements of Local Civil Rule 6-1, i.e., at least 28 days before the date set for hearing, if the motion is served electronically or personally on opposing counsel, and at least 31 days before the scheduled hearing date if not served electronically or

personally.  Opposition and reply memoranda shall be filed and served in compliance with the requirements of Local Civil Rule 7-9, i.e., no later than 21 days and 14 days before the hearing date, respectively.

All motions in limine and other trial-related motions must be noticed properly for hearing no later than the date of the Pretrial Conference.  Each side is limited to three (3) motions in limine, and these motions must be filed as one consolidated motion, as opposed to multiple separate motions.  A party seeking to make more than three motions in limine must request leave of court to do so.

The Pretrial Conference will be conducted three weeks before the trial date, on Thursday at 1:30 p.m.

## II. DISCOVERY AND NOTICE

Counsel for the government and for defense shall comply with discovery and notice matters pursuant to Federal Rules of Criminal Procedure 12, 12.1, 12.2, 12.3, 15, and 16.  Government counsel shall also comply with the notice requirements under Federal Rule of Evidence 404(b)(3).

Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, Brady v. Maryland, 373 U.S. 83 (1963), and all applicable decisions interpreting Brady, the government has a continuing obligation to produce all information or evidence known to the government that is relevant to the guilt or punishment of a defendant, including, but not limited to, exculpatory evidence.

Accordingly, the Court orders the government to produce to the defendant in a timely manner all information or evidence known to the government that is either: (1) relevant to the defendant's guilt or punishment; or (2) favorable to the defendant on the issue of guilt or punishment.  This Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation.  The consequences for violating either this Order or the government's obligations under Brady include, but are not limited to, the following: contempt, sanction, referral to a

disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges.

### III. CHANGE OF PLEA HEARINGS

It shall be the joint responsibility of Counsel for the government and for defense to ensure that a copy of the plea agreement is filed or emailed to the Courtroom Deputy Clerk at KK_Chambers@cacd.uscourts.gov one (1) week before the change of plea hearing. Additionally, any waiver of indictment must be filed or emailed to the Courtroom Deputy Clerk at least one (1) week before the change of plea hearing. If Counsel for the government intends to request detention at the change of plea hearing, a notice of intent shall be filed one (1) week before the change of plea hearing. The Court may decline to hear any untimely request.

### IV. PRETRIAL DEADLINES

Counsel shall adhere to the following deadlines:

a. Counsel or parties appearing pro se must file any requests to continue the trial date at least two (2) weeks before the pretrial conference date, and any requests for a change of plea hearing at least three (3) weeks before the trial date.

b. Counsel or parties appearing pro se shall file a brief joint statement of the case, no longer than one-half page, to be read to prospective jurors at the time of jury selection, at least two (2) weeks before the trial date. Counsel must provide a copy of the same in Microsoft Word format to chambers, by email to the Courtroom Deputy Clerk at KK_Chambers@cacd.uscourts.gov.

c. Government counsel shall file a trial brief one (1) week before trial. Trial briefs shall include the theory of the case, statements of all witnesses to be called, and any legal issues that counsel anticipates may arise. Defense counsel or parties appearing pro se may, but are not required to, file a trial brief one (1) week before trial. Defense counsel's trial brief may be filed ex parte and under seal, but it shall be unsealed and served upon the government prior to the defense commencing its case-in-chief.

1         d.    Counsel or parties appearing <u>pro se</u> shall file exhibit and witness
2 lists one (1) week before trial.  Defense counsel may file exhibit and witness lists ex
3 parte and under seal, but shall provide government counsel copies prior to the
4 defense commencing its case-in-chief.  Additionally, to the extent there are any
5 stipulated facts, the parties shall file a joint stipulation of facts at least one (1) week
6 before trial.
7         e.    Counsel or parties appearing <u>pro se</u> shall file all suggested voir
8 dire questions to be asked of the jury panel by the Court and a list of voir dire
9 questions that counsel intends to ask during attorney-conducted voir dire one (1)
10 week before trial.  Counsel must provide a copy of the same in Microsoft Word
11 format to chambers by email to the Courtroom Deputy Clerk at
12 KK_Chambers@cacd.uscourts.gov.  The initial voir dire examination is conducted by
13 the Court, utilizing the Court's general voir dire questions, and may include the
14 suggested voir dire questions provided by counsel.  When the Court has finished
15 asking questions of the entire panel, the Court may, in limited circumstances, provide
16 an opportunity for voir dire by counsel.
17     f.    The parties shall submit proposed joint jury instructions and any verdict
18 forms one (1) week before trial.  The parties shall meet and confer sufficiently in
19 advance of the required submission date with the goal of agreeing upon instructions
20 and verdict forms.  The jury instructions shall be submitted as follows: (1) joint jury
21 instructions, i.e., those instructions to which all parties agree; and (2) disputed jury
22 instructions, i.e., those instructions propounded by a party to which another party
23 objects.
24     If applicable, the disputed jury instructions shall include redlined edits of the
25 language over which the parties disagree.  The party opposing the instruction must
26 attach a short (i.e., one to two paragraphs) statement supporting the objection, and
27 the party submitting the instruction must attach a short statement supporting the
28

instruction. Each statement should be on a separate page and should follow directly after the disputed instruction.

Accordingly, the parties ultimately will submit one document of jury instructions or, if the parties disagree over any proposed jury instructions, two documents. If the parties submit two documents, those documents should consist of: (1) a set of agreed-upon jury instructions, and (2) a set of disputed, redlined jury instructions, along with reasons supporting and opposing each disputed instruction.

Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority for or source of the requested instruction except on the "jury copy" described below.

An index page shall accompany all jury instructions that are submitted to the Court. The index page shall indicate the following:

    1.    The number of the instruction;

    2.    A brief title of the instruction;

    3.    The source of the instruction; and

    4.    The page number of the instruction.

EXAMPLE:

| <u>Number</u> | <u>Title</u> | <u>Source</u> | <u>Page Number</u> |
|---|---|---|---|
| 1 | Duty of the Jury | 9th Cir. 1.01 | 1 |

Counsel need only submit proposed substantive instructions. The Court will formulate general instructions based primarily on the format set out in the most recent edition of the <u>Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit</u>.

If either side seeks a special verdict, counsel shall follow the procedure set forth for joint proposed jury instructions above, in order to formulate a joint proposed special verdict form. Counsel shall submit the proposed special verdict form with the

5

1  proposed jury instructions.

2  Counsel shall submit electronic versions of the proposed jury instructions and
3  the proposed special verdict form (in Word format) to chambers by email to the
4  Courtroom Deputy Clerk at KK_Chambers@cacd.uscourts.gov.

5  The Court will send a copy of the final jury instructions into the jury room for
6  use by the jury during deliberations (the "jury copy"). Accordingly, in addition to the
7  filed copies, an extra set of the proposed instructions shall be submitted to the Court
8  with only the text of the instruction on each page (i.e., no titles, supporting authority,
9  indication of party proposing, etc.). The Court strongly prefers counsel use the
10 instructions from the Manual of Model Criminal Jury Instructions for District Courts
11 in the Ninth Circuit.

12 **V.    PRETRIAL CONFERENCE**

13 Counsel shall be prepared to discuss the following matters with the Court at
14 the Pretrial Conference:

15 a. The witnesses the government expects to call in its case-in-chief
16 and the amount of time necessary for direct and cross-examination for each witness;

17 b. Any anticipated problems in scheduling the witnesses;

18 c. Any evidentiary issues, including problems related to Federal Rule
19 of Evidence 404(b), anticipated objections under Federal Rule of Evidence 403, and
20 objections to exhibits;

21 d. Jury selection procedures;

22 e. All pretrial motions not heard and decided previously;

23 f. Any disputed jury instructions and the form of the instructions
24 that will be given to the jury at the outset of the case, i.e., before opening statements
25 and presentation of evidence;

26 g. Whether any counsel intends to use any evidence or
27 demonstrative aid during opening statements;

28 h. Motions to exclude witnesses from the courtroom during trial

testimony; and

    i.    Who will be seated at counsel table.  No attorney shall be permitted to sit at counsel table who does not actively participate in trial.  The Court strongly encourages lead counsel to permit newer attorneys to present argument and/or examine witnesses at trial.

If counsel for any party needs to arrange for the installation of its own equipment, such as video monitors, tape or compact disk players, notebooks, or overhead projectors, counsel shall notify the Courtroom Deputy Clerk no later than 4:00 p.m. five business days before trial so that the necessary arrangements can be made.

**VI.    REQUIREMENTS FOR TRIAL**

Counsel, and any parties appearing <u>pro se</u>, shall immediately subpoena all witnesses for the time and trial date listed above.  Failure to do so may result in exclusion.  Additionally, per the Interpreter Services Department of this District, "[w]hen interpreters are needed for prosecution witnesses for in-court proceedings instituted by the United States, the United States Attorney's Office secures contract interpreters as needed.  When interpreters are needed for defense witnesses for in-court proceedings instituted by the United States, defense counsel should notify the courtroom deputy clerk, who will then place a request with Interpreter Services."  Accordingly, Counsel and any parties appearing pro se shall immediately request and arrange for interpreter services, if applicable.

On the first day of trial, counsel for the government shall deliver to the Courtroom Deputy Clerk the following documents:

    a.    Three copies of the government's witness list;

    b.    Three copies of the government's exhibit list in the form specified by Local Civil Rule 16-6.1;

    c.    All of the government's exhibits, with official exhibit tags affixed, bearing the same number as that shown on the exhibit list.  Defense counsel need not

deliver their exhibits to the Courtroom Deputy Clerk on the first day of trial; however, defense counsel is responsible for affixing exhibit tags, complete with the case name and number, to each exhibit to be used in the defense case. Exhibits shall be numbered 1, 2, 3, 4, etc. If an enlargement of an existing exhibit is to be used, counsel shall designate it with the number of the original exhibit followed by an "A." Templates for exhibit tags are available on the Court's website, using form G-014. Counsel for the government is notified that the Court will order exhibits such as firearms, narcotics, etc. to remain in the custody of the case agent during the pendency of the trial. The case agent will be required to sign the appropriate form to take custody of the exhibits. It shall be the responsibility of the case agent to produce the items for court, secure them at night, and guard them while in the courtroom; and

    d. A bench book containing a copy of all exhibits that can be reproduced. Counsel for the government shall mark each exhibit with tabs indicating the exhibit number. Defense counsel shall provide the Court and government counsel with a copy of the defense exhibits if introduced.

## VII. COURTROOM PROCEDURES

  The Court sets firm trial dates. Counsel or any parties appearing <u>pro se</u> shall arrive at the courtroom *not later than half an hour before the start of trial* each day of trial. The Court reserves that time to handle legal and administrative matters outside the presence of the jury. Counsel shall anticipate matters that may need discussion or hearing outside the presence of the jury and raise them during this period.

  Trials are generally conducted Monday through Friday. The Court will adopt a particular time schedule on a case-by-case basis. In general, the schedule will be: (i) from 8:30 a.m. to 2:30 p.m. with two or three 20-minute breaks; or (ii) from 9:00 a.m. to 4:30 p.m., with a 15-minute break in both the morning and the afternoon, and a one-hour lunch break. In most cases, jury selection is completed on the first morning

8

of trial, and counsel should be prepared to give opening statements and begin presentation of evidence immediately thereafter.

All counsel shall observe the following practices:

 a. All counsel, defendants, and designated case agents shall rise when the jury enters and leaves the Courtroom;

 b. Counsel shall stand when addressing the Court, including when objecting to opposing counsel's questions;

 c. When objecting, counsel should state only "objection" and the legal ground for the objection (<u>e.g.</u>, hearsay, irrelevant, etc.). Counsel should refrain from arguing the legal basis for the objection unless permission is granted to do so;

 d. Counsel must seek leave to approach the Courtroom Deputy Clerk or the witness and should question witnesses while standing at the lectern;

 e. Counsel must address and refer to all witnesses, including their clients, by the witness's surname. Young witnesses, i.e., children younger than age 15 may be addressed by first names;

 f. The Court may establish <u>reasonable time limits</u> for opening statements and closing arguments and the presentation of each party's case.

 g. Counsel shall not discuss the law or argue the case in opening statements;

 h. Counsel shall address all remarks to the Court and should not directly address the Courtroom Deputy Clerk, the Court Reporter, or opposing counsel. Counsel must ask the Court for permission to talk off the record in order to speak with opposing counsel;

 i. Counsel shall not make an offer or stipulation unless he or she has conferred with opposing counsel and believes that the stipulation will be accepted. Any stipulation of fact will require the defendant's (or defendants') personal concurrence and shall be submitted to the Court in writing for approval. A proposed

9

stipulation should be explained to the defendant(s) in advance;

  j. While Court is in session, counsel may not leave the counsel table to confer with investigators, assistants, or witnesses in the back of the Courtroom unless the Court grants permission to do so in advance;

  k. When a party has more than one lawyer, only one of the lawyers may conduct the examination of a given witness and only that same lawyer may handle objections during the testimony of that witness;

  l. If a witness was on the stand before a recess or adjournment, counsel shall have the witness back on the stand and ready to proceed when Court resumes;

  m. If there is more than a brief delay between witnesses, the Court may deem that the party has rested;

  n. The Court attempts to cooperate with witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be examined out of sequence.  Counsel should discuss any scheduling issues with opposing counsel.  If there is an objection, confer with the Court in advance.

  o. Counsel shall not make facial expressions, nod, or shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness.  Counsel shall admonish their clients and witnesses not to engage in such conduct;

  p. Counsel should not talk to jurors at all, and should not talk to co-counsel, opposing counsel, witnesses, or clients where the conversation may be overheard by jurors.  Each counsel should admonish counsel's own clients and witnesses to avoid such conduct.  Counsel should not speak with courthouse personnel regarding the trial, jury deliberations, or where the jury stands.  Each counsel should admonish counsel's clients, witnesses, and agents not to engage in such conduct.  If any team should inadvertently become aware of jury information, including where the jury stands during deliberations, such information, shall not be

repeated to anyone without permission of the Court. The parties should immediately notify the Court of such disclosure; and

      q.     Counsel must notify the Courtroom Deputy Clerk in advance if any witness should be accommodated based on the Americans with Disabilities Act or for other reasons.

**VIII.  SANCTIONS**

The Court will consider the imposition of sanctions against any attorney who: (1) fails to timely file trial briefs, suggested voir dire questions, proposed jury instructions, and any other filings as prescribed by this Order or any order extending the time for such filings; or (2) fails to comply with any provision of this order.

**IT IS SO ORDERED.**

Dated:  June 26, 2025

_____
HONORABLE KENLY KIYA KATO
United States District Judge

11